IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AQUILES GARCIA and SALVADOR GARCIA,<br><br>                     Plaintiffs,<br><br>v.<br><br>UNIQUE AUTO BODY, INC., UNIQUE AUTO BODY SOUTH JORDAN, INC., and JEREMY WELLER,<br><br>                     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AND THIRD CAUSES OF ACTION<br><br><br><br>Case No. 2:16-CV-848 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Second and Third Causes of Action Against All Defendants. For the reasons discussed below, the Court will grant Defendants' Motion.

## I. BACKGROUND

Aquiles Garcia and Salvador Garcia began working for Unique Auto Body in 2009 and 2010, respectively. Plaintiffs were paid at an hourly rate and were consistently required to work 55 hours per week and occasionally more than 60 hours per week. Defendants never paid Plaintiffs time-and-a-half for hours worked in excess of 40 hours in a work week. Plaintiffs did not have a written employment contract with Defendants.

In 2013, one of Unique's employees, Anselmo, verbally abused, screamed at, and swore at both Plaintiffs, taunting them to fight him. Plaintiffs reported this to Weller, but he took no action to punish Anselmo or prevent future workplace violence. In 2014, Anselmo struck Plaintiff Aquiles Garcia in the face at work. In 2015, Anselmo and another employee approached Aquiles from both sides and punched him in the face and body several times,

1

resulting in bruises, soreness, and swelling.  Both the 2014 and 2015 attacks were in Defendant Weller's presence, and he did not take any action to punish the attackers or prevent future workplace violence.  As a consequence, Plaintiff Aquiles alleges that he suffered emotional distress, including fear and apprehension of another attack.

Aquiles Garcia and Salvador Garcia filed a complaint against Unique Auto Body, Inc. and Jeremy Weller for violations of the Fair Labor Standards Act (FLSA), intentional infliction of emotional distress (IIED), and breach of contract in the Third District Court of Utah on April 13, 2016, and served Defendants on July 11, 2016.  Defendants removed the case to this Court on August 1, 2016.  After receiving additional information from Defendants regarding the proper corporate entities to sue, Plaintiffs filed an Amended Complaint on August 8, 2016, adding Defendant Unique Auto Body South Jordan, Inc.

On August 26, 2016, Defendants filed a 12(b)(6) Motion to Dismiss the Second and Third Causes of Action.  Plaintiffs filed an Opposition to Defendants' Motion on September 23, 2016.  On October 10, 2016, Defendants filed a Reply Memorandum in Support of its Motion to Dismiss.

## II. STANDARD OF REVIEW

On a 12(b)(6) Motion to Dismiss, the court "must accept as true all of the allegations contained in a complaint."[1]  Plaintiffs must "state a claim for relief that is plausible on its face."[2]  Facial plausibility involves "more than a sheer possibility that a defendant has acted unlawfully" and requires "factual content that allows the court to draw the reasonable inference that the

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

defendant is liable for the misconduct alleged."[3]  The court must view reasonable inferences in favor of the nonmoving party, and a Motion to Dismiss "may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery."[4]  However, a court is not required to accept conclusory allegations as true.[5]

## III. DISCUSSION

A. *Intentional Infliction of Emotional Distress*

Plaintiffs' Amended Complaint asserted an IIED claim against all Defendants. However, Plaintiffs have now clarified that only Plaintiff Aquiles Garcia is asserting an IIED claim, and that claim is only against Defendant Weller.

To state a claim for IIED, Plaintiff must allege that Defendant "intentionally engaged in some conduct toward the plaintiff (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result."[6]  In addition, Defendant's actions must be "of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality."[7]

The Utah Supreme Court has explicitly declined to extend IIED liability to bystanders.[8] In *Cabaness v. Thomas*, an employee filed a claim for IIED against a supervisor who "failed to

---

[3] *Iqbal*, 556 U.S. at 678.

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Iqbal*, 556 U.S. at 681.

[6] *Cabaness v. Thomas*, 232 P.3d 486, 499 (Utah 2010) (citations omitted).

[7] *Id.*

[8] *Id.*

curb" a subordinate's misconduct.[9]  The subordinate disregarded safety procedures and regularly insulted and demeaned the employee.[10]  The employee sought mental health treatment for depression related to a "hostile work environment."[11]  The court held that the supervisor was not liable for "fail[ing] to curb" the subordinate's behavior.[12]  The court reasoned that they were presented with no "case law supporting the position that the failure to prevent another from inflicting emotional anguish gives rise to a valid claim of intentional infliction of emotional distress."[13]  While the court acknowledged that other jurisdictions have expanded IIED to include a failure to prevent harm, it explicitly declined to extend the rule.[14]

Here, Plaintiff does not sufficiently allege that Defendant affirmatively acted in regards to the Plaintiff.  Plaintiff alleges that Defendant knew that Unique's employees had threatened him with physical harm and physically attacked him twice.  Plaintiff further alleges that Defendant Weller took no action to discipline or prevent other employees from future violent acts toward Plaintiff.  Discounting the conclusory allegations, Plaintiff essentially alleges that Defendant Weller was a bystander who should have disciplined or prevented other employees from engaging in violent acts.  This is not sufficient to sustain an IIED claim under Utah law.

Further, a defendant's behavior must be outrageous and intolerable to sustain an IIED claim.  "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be

---

[9] *Id.*

[10] *Id.* at 493.

[11] *Id.*

[12] *Id.* at 499.

[13] *Id.*

[14] *Id.*

more than unreasonable, unkind, or unfair."[15]  Defendant Weller was a bystander, and therefore his conduct does not reach the level of outrageousness required to support an IIED claim in Utah.[16]

###### B. *Breach of Contract*

Both Plaintiffs bring claims under the FLSA for unpaid overtime.  Plaintiffs also assert a common law breach of contract claim for those same overtime wages.  Plaintiffs' breach of contract claim will be dismissed because the claims under the FLSA and under breach of contract are based on the same factual allegations.[17]  In *Stephenson v. All Resort Coach, Inc.*, this Court held that where the same factual allegations made up common law claims and an FLSA claim, the FLSA claim preempted the common law claims.   In that case, an employee filed a claim for unpaid tips under the FLSA and under common law claims for conversion, unjust enrichment, and quantum meruit.   The court held that because the "same allegations ma[de] up a portion of" the FLSA claim, the common law claims were preempted.   In addition, both the First and the Fourth Circuits have held that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates."[18]

---

[15] *Franco v. The Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 207 (Utah 2001) (citations omitted).

[16] In *Cabaness*, although the Utah Supreme Court did not directly analyze the outrageousness of the supervisor's behavior, it did affirm the district court's determination that the supervisor's conduct could not sustain an IIED claim.  In its decision, the district court concluded that the supervisor's behavior was not sufficiently outrageous as a matter of law.  *Cabaness v. Thomas*, No. 040700494, 2007 WL 7262293 (Utah Dist. Ct. Jan. 11, 2007).  The same is true here.

[17] *Stephenson v. All Resort Coach, Inc.*, No. 2:12–CV–1097 TS, 2013 WL 4519781, at *9 (D. Utah Aug. 26, 2013) (Stewart, J.); *accord. Johnston v. Davis Sec.*, 217 F.Supp.2d 1224, 1226–27 (D. Utah 2013) (Kimball, J.).

[18] *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007); *see Roman v. Maietta Constr., Inc.,* 147 F.3d 71, 76 (1st Cir. 1998).

Plaintiffs contend that their common law claims are not preempted because courts in other jurisdictions have found circumstances where the FLSA did not preempt common law claims. However, in each of these cases, other circumstances allowed for a separate cause of action for the common law claim, including the breadth of available remedies or the presence of a written contract.[19] No such circumstances apply here. Indeed, the only difference in the claims is the statute of limitations; the FLSA permits recovery for only two or three years, and Utah common law for breach of contract allows recovery for four years. Therefore, because the same factual allegations make up the FLSA claim and the breach of contract claim, the breach of contract claim is preempted by the FLSA claim and will be dismissed.[20]

---

[19] Plaintiff cites multiple cases to support the contention that the FLSA does not preempt the common law claim in this case. None of these cases, however, stand strictly for that proposition. *Abdulina v. Eberl's Temp. Services, Inc.*, 79 F. Supp. 3d 1201, 1205 (D. Colo. 2015) ("[Plaintiff] fails to allege facts which establish a right to such payment in a contract independent of the FLSA."); *Mickle v. Wellman Prod., LLC*, No. 08-CV-0297-CVE-PJC, 2008 WL 3925266, at *3 (N.D. Okla. Aug. 20, 2008) ("If a plaintiff's common law claims are merely duplicative of the remedies provided by the FLSA, the common law claims are preempted."); *see also Hammond v. Lowe's Home Centers*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004) ("In other words, an employer may establish contractual rights to overtime or other payments that *exceed the FLSA's mandate*, and an employer may be held liable for breach of contract if a plaintiff establishes a right to such a payment in a contract *independent of the FLSA*.") (emphasis added) (citations omitted).

[20] Defendant also argues that the breach of contract claim fails because there was no consideration. Since the FLSA claims preempt Plaintiffs' breach of contract claim, the Court need not decide whether the oral employment contract included consideration.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Plaintiffs' Second and Third Causes of

Action (Docket No. 16) is GRANTED.

DATED this 8th day of November, 2016.

BY THE COURT:

Ted Stewart
United States District Judge